UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JARREL RIVAZ,

     Plaintiff,

v.                        CASE NO. 5:23cv27-TKW-MJF

PANAMA CITY POLICE DEPARTMENT, ET AL.,

     Defendant.

_____/

## RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BY DEFENDANTS PANAMA CITY POLICE DEPARTMENT, JEFF ROGERS, KRISTAIN SHAW, RAYMOND McNEIL, and JOSEPH HUTCHINSON

Without prejudice to, and preserving their rights to raise, all other defenses available to them, Defendants Panama City Police Department, Jeff Rogers, Kristain Shaw, Raymond McNeil, and Joseph Hutchinson (collectively "the City defendants"), move to dismiss the Complaint [Doc.1] pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, for failure to state a claim upon which relief can be granted. As grounds therefor, Defendants state:

1.     Plaintiff Jarrel Rivaz filed suit against the City defendants and others related to alleged misconduct by them associated with a traffic stop on July 28,

2022, which resulted in his detention and arrest. As set forth more particularly below, Plaintiff fails to state a claim for relief.

2.    Defendant Panama City Police Department is not an entity in and of itself and has no power to sue or be sued. Accordingly, it must be dismissed.

3.    In his First through Sixth Claims for Relief, Plaintiff attempts to bring claims pursuant to §1983 against various defendants including individuals employed by the City whom he sues in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 – 66 (1985) (internal citation omitted).

4.    Plaintiff's Fourth Claim for Relief should also be dismissed as it alleges a violation of a criminal statute that does not provide for a civil cause of action.

5.    Plaintiff's Fifth and Sixth Claims for Relief should also be dismissed because Plaintiff brings them pursuant to §1983 for violations of *Florida Statutes*. No action will lie without the allegation of a federally protected right. *Doe v. S. Florida State Hosp.,* 549 F. Supp. 838, 841 (S.D. Fla. 1982).

6.    In his Seventh, Eighth and Ninth Claims for Relief, Plaintiff attempts to bring state law negligence claims against the City individuals. These

individuals must be dismissed as they cannot be liable in negligence pursuant to Florida Statutes, 768.28.

7.    Plaintiff's factual allegations are insufficient to state a claim for relief.

**WHEREFORE**, Defendants respectfully request the claims against them be dismissed for failure to state a claim upon which relief can be granted.

<u>MEMORANDUM OF LAW</u>

In accordance with N.D. Fla. Loc. R. &.1(E), Defendants offer the following Memorandum of Law in support of their Motion to Dismiss.

<u>Motion to Dismiss Standard</u>

Federal Rule of Civil Procedure 8 requires a pleading which states a claim for relief to include a short and plain statement of the grounds for the court's jurisdiction and of the claim showing that the plaintiff is entitled to relief. In deciding a motion to dismiss, the Court assumes that all allegations in the complaint are true and construes all facts in favor of the plaintiff. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). Nonetheless, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must disregard "[l]egal conclusion[s] couched as [ ] factual allegation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Iqbal*, 556 U.S. at 678. The Court must then consider the remaining factual allegations to determine if they "plausibly" suggest an entitlement to relief. *Id.* at 679. "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Walde v. Brown,* 1:21-CV-124-AW-GRJ, 2022 WL 2670185, at *1 (N.D. Fla. June 16, 2022), *report and recommendation adopted,* 1:21-CV-124-AW-GRJ, 2022 WL 2668538 (N.D. Fla. July 11, 2022) (citing *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.,* 566 U.S. 449 (2012)).

Defendant Panama City Police Department

The Police Department is merely a division of the municipality of the City of Panama City, is not a properly suable entity, and should be dismissed. "Under Florida law, municipalities have the power to sue and be sued. *See* Art. VIII, § 2(b), Fla. Const. (1968)." *Florida City Police Dept. v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Police departments do not. *Id.* at 410 (citing *Florida Medical Ass'n, Inc. v. Spires,* 153 So.2d 756, 757 (Fla. 1st DCA 1963)).

Individuals sued in their official capacities

In his First through Sixth Claims for Relief, Plaintiff attempts to bring claims pursuant to §1983 against various defendants including individuals employed by the City whom he sues in their official capacities. Official capacity suits

"generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 – 66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, "an official capacity suit against a government official is generally treated as a suit against the underlying governmental entity." *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005) (citing *Graham*, 473 U.S. at 165 – 67).

<u>18 U.S.C. §242</u>

Plaintiff's Fourth Claim for Relief alleges the City defendants violated this criminal statute. The statute provides no civil remedy for its violation and accordingly, the claim should also be dismissed.

<u>§1983 does not provide a remedy for violations of state statutes</u>

Plaintiff's Fifth and Sixth Claims for Relief should also be dismissed because Plaintiff brings them pursuant to §1983 for violations of *Florida Statutes*. An action under section 1983 will not lie absent an alleged violation of a federally protected right. *Doe v. S. Florida State Hosp.*, 549 F. Supp. 838, 841 (S.D. Fla. 1982); *see also Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 700–01 (1978) ("And, moreover, there can be no doubt that § 1 of the Civil Rights Act was intended to provide a remedy, to be broadly construed,

against all forms of official violation of **federally** protected rights.") (Emphasis added).

<u>State law negligence claims</u>

Plaintiff's attempt to bring state law negligence claims against the City individuals in his Seventh, Eighth and Ninth Claims for Relief, must be dismissed as the individual defendants cannot be liable in negligence pursuant to Florida Statutes, 768.28. A law enforcement officer acting in the course and scope of his duties "may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28.

<u>Conclusion</u>

Plaintiff does not allege any facts, action, or inaction by Defendants sufficient to state a claim for relief rendering them liable to Plaintiff and his Complaint must be dismissed.

## <u>CERTIFICATE OF COMPLIANCE WITH (REVISED) LOCAL RULE 7.1</u>

Under Local Rule 7.1(D), a conference with Plaintiff is not required for this Motion which would determine the outcome of claims pending before the Court.

Respectfully submitted this <u>9th</u> day of March 2023.

*/s/ Gwendolyn P. Adkins*

 Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
adelk@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive, Tallahassee, FL 32308
Office: 850-422-2420    Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
PANAMA CITY POLICE DEPARTMENT,
JEFF ROGERS, KRISTAIN SHAW,
RAYMOND MCNEIL, JOSEPH HUTCHINSON

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court. Additionally, a copy of the above document has been provided this <u>9th</u> day of March 2023 to Plaintiff pro se, via regular U.S. Mail and electronic mail at the following address:

Jarrel Rivaz
416 Brickingham Way
Columbia, SC 29229
Email: armadon2015@gmail.com

*s/ Gwendolyn P. Adkins*
Attorney